UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN O'NEIL YOUNG, § § *Plaintiff*, § § v. § § REINALDO LOPEZ GONZALEZ; § DAY EXPRESS LLC; HARTFORD § SPECIALTY INSURANCE § SERVICES OF TEXAS, LLC, § § *Defendants.* § § v. § § PERLA JUDITH VARGAS DELAO § ROMERO, Individually and as Next § Friend of YXXXXX RXXXXX, a § Minor, GXXXXXX RXXXXX, a § Minor, and EXXXXXX RXXXXX, a § Minor, § § *Intervenors.* § | Civil Action No. 3:22-CV-1244-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court are four pending motions. Intervenor Plaintiff Perla Romero brings a motion to remand to state court and a request for sanctions [Doc. No. 5], and Plaintiff Brian Young brings a motion to remand to state court. [Doc. No. 6]. Additionally, Defendant Hartford Specialty Insurance Services of Texas, LLC ("Hartford") filed a motion to strike and a motion for leave to file a sur-reply. [Doc. No. 12]. Because the defendants failed to remove within the one-year limit, the Court **GRANTS** Young's motion to remand and **REMANDS** the entire case to the 193rd

District Court of Dallas County, Texas. The Court did not rely on the material Hartford moved to strike and, therefore, the Court **FINDS AS MOOT** Hartford's motion to strike and motion for leave to file a sur-reply. Finally, the Court **FINDS AS MOOT** Romero's request to remand and **DENIES** Romero's request for sanctions.

## I. Factual Background

The status of the parties in this litigation underlies the heart of this order, and so, it is essential that the Court explain the past and present state of events. On May 26, 2020, Young filed his Original Petition in state court, asserting claims against Defendants Reinaldo Lopez Gonzalez, Day Express LLC ("Day"), and JRKR Management LLC a/k/a Rainwater Leasing, Ltd. ("JRKR Management"). On December 12, 2020, Intervenor Perla Judith Vargas Delao Romero filed her permissive claims in intervention, alleging claims against the same defendants, as well as Plaintiff Young. On January 25, 2022, Young filed a nonsuit against Day and Gonzalez, and the state court granted the order of dismissal with prejudice the next day. Shortly after, on March 10, 2022, Young amended his petition, joining Hartford as a defendant. Then, thirteen days later, on March 23, 2022, Young filed a nonsuit against JRKR Management, which the court granted with prejudice that same day. On April 27, 2022, Young filed his Fourth Amended Petition, which remains the live pleading in this case. In sum, to this point, Young had nonsuited the original three Defendants but added Hartford. On June 8, 2022, Hartford filed its Notice of

Removal. At the time of removal, all of Romero's claims remained—Young's claims only remained against Hartford.[1]

## II. Legal Standard

A federal court has diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and in which diversity of citizenship exists between the parties.[2] Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state-court action over which the federal district court would have original jurisdiction. "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute."[3] Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.[4] When removal is based on diversity of citizenship, the notice must be filed within one year after commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[5] The Fifth Circuit has described § 1446(c)(1) as codifying the possibility of equitable tolling.[6]

---

[1] The Court notes that Young's Fourth Amended Petition retains claims against Day and Gonzalez, but because his claims against those parties were dismissed with prejudice, those parties remain only as Interpleader-Defendants.

[2] 28 U.S.C. § 1332.

[3] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citation omitted), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470, 473 (1998).

[4] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[5] 28 U.S.C. § 1446(c)(1).

[6] *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 294 (5th Cir. 2019) (noting that "Congress [] chose to replace *Tedford's* equitable-estoppel principle with a 'bad faith' standard" in § 1446(c)(1)).

A court, "when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court."[7] To do this, a district court must "evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction."[8] Section 1441(a) does not permit removal based on counterclaims because those claims are irrelevant to whether the district court had "original jurisdiction" over the civil action.[9] The civil action (over which the district court *must* have original jurisdiction) is the action as defined by the plaintiff's complaint.[10] Therefore, the defendant to that action is the defendant to that complaint, not a party named in any ancillary claims.[11]

### III. Analysis

Young makes two arguments for why the Court should remand this case: (1) The required diversity of citizenship is not present; and (2) Hartford did not remove the action within the one-year limitation, and there was no bad faith on the part of Young to invoke the exception.

---

[7] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019).

[8] *Id.*

[9] *Id.*

[10] *Id.* ("Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action. And because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim.").

[11] *Id.*

Romero, in her motion, also argues the Court should remand this case because the required diversity of citizenship is not present.[12]

Hartford's motion to strike alleges that Romero raised new issues in her reply and requests that the Court strike those arguments. In the alternative, Hartford requests leave to file a sur-reply.

The Court will address each argument in turn.

### A. Young's Motion to Remand

Young first argues that diversity does not exist because he and JRKR Management are both Interpleader-Defendants and citizens of Texas.[13] Specifically, he claims that diversity does not exist because he is both a plaintiff and a defendant. Young also argues that diversity does not exist because of Interpleader-Defendant JRKR Management. This is incorrect because the Court concerns itself only with the status of parties in the civil action as defined by Young's complaint, not those parties named in a counterclaim or interpleader action.[14] Furthermore, Romero is a permissive interpleader; thus her claims are ancillary. As discussed above, the Court must look to the remaining parties in Young's suit to determine if diversity exists. The remaining parties in Young's suit are Young, a citizen of Texas, and Hartford, a citizen of Connecticut or Illinois. There is complete diversity between the remaining parties to the original suit. Accordingly, the Court rejects Young's argument that diversity does not exist.

---

[12] Doc. No. 5 at 1.
[13] Doc. No. 6 at 1.
[14] *Jackson*, 139 S. Ct. at 1748–49.

5

Second, Young argues that Hartford's removal was improper because of the one-year limitation in Section 1446. In response, Hartford does not dispute that normally the one-year limitation would apply, but it argues that there is a bad-faith exception to the one-year limitation. Specifically, Hartford claims that the bad-faith exception applies here because Young brought claims against JRKR Management that would not survive a Rule 12(b)(6)-type motion to dismiss. Hartford argues survival in a Rule 12(b)(6)-type motion to dismiss is relevant here because of a Fifth Circuit case called *Hoyt v. Lane Construction Corp.*[15] Hartford argues that under *Hoyt* the Court must look at whether a plaintiff would have had any possibility of recovery in a Rule 12(b)(6)-type analysis. But Hartford's argument conflates two different tests. While *Hoyt* discusses removal based on timeliness, the test that Hartford refers to here is related to the voluntary-involuntary rule—not to the bad-faith exception.[16] The Court will distinguish the tests below.

Although not in the statutory text, it is well established that "only the voluntary dismissal or nonsuit by the plaintiff of a party or of parties defendant can convert a nonremovable case into a removable one."[17] Beginning in 1898, the Supreme Court approved of a defendant's removal after a plaintiff dismissed the only non-diverse defendant.[18] The Court acknowledged that diversity did not exist at the time of filing in state court, but it held that jurisdiction arises "as the action assumes

---

[15] 927 F.3d 287 (5th Cir. 2019).

[16] *Id.* at 293.

[17] *Id.* at 295 (cleaned up) (emphasis omitted).

[18] *See Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 98, 101 (1898).

the shape of a removable case in the court in which it was brought."[19] A couple years later, the Supreme Court clarified that only the plaintiff's voluntary act can create federal jurisdiction.[20] By 1918, the Court stated that a party cannot convert an unremovable case "into a removable one by evidence of the defendant or by an order of the court upon any issue trued upon the merits[.]"[21] Instead, it said that "such conversion can only be accomplished by the voluntary amendment of [] pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant."[22] After this, the rule simply became the following: "If the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed."[23] The Fifth Circuit described the "judicially-created voluntary-involuntary rule as providing an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff."[24] However, "[w]hen the non-diverse defendant was improperly joined, the voluntary-involuntary rule is inapplicable."[25] Improper joinder "can be established by demonstrating, among other

---

[19] *Id.* at 101.

[20] *Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900).

[21] *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918).

[22] *Id.*

[23] *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967).

[24] *Hoyt*, 927 F.3d at 295 (cleaned up).

[25] *Id.* (cleaned up).

things, the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[26] And, "[i]f a state court has not yet ruled, the federal court must ask whether there [is] any reasonable possibility that a state court would rule against the non-diverse defendant."[27]

The test for bad faith is not the same as the voluntary-involuntary test from *Hoyt*.[28] Thus, the Court rejects Hartford's assertion that it must conduct a Rule 12(b)(6)-type test on Young's claims against JRKR Management. However, this does not end the inquiry as the Court must determine if the bad-faith exception applies to Young's actions.

Hartford argues that Young acted in bad faith in order to destroy diversity because he "lacked a good faith basis" for bringing his claims against JRKR Management.[29] However, as Young points out, JRKR Management remained a part of the litigation for over two years, participated in discovery, and ultimately settled the case. In light of these facts, the Court rejects Hartford's argument that the bad-faith exception applies and finds that Hartford's removal was barred by the one-year limitation. Accordingly, the Court **GRANTS** Young's motion to remand.

### B. Hartford's Motion to Strike and Motion for Leave to File Sur-Reply

Hartford's motion to strike focuses on the Affidavit of Hutton Sentell, which was Exhibit 2 attached to Intervenor Romero's reply. However, the Court did not rely

---

[26] *Id.* (cleaned up).

[27] *Id.* (cleaned up).

[28] *Id.* at 292–95 (first determining that the one-year limitation did not apply because the plaintiff acted in bad faith; then determining whether the voluntary-involuntary rule applied).

[29] Doc. No. 10 at 18.

on Romero's reply or its attached affidavit in granting Young's motion to remand. Therefore, the Court **FINDS AS MOOT** Hartford's motion to strike and motion for leave to file sur-reply.

### C. Romero's Motion to Remand

The Court does not need to address Romero's motion to remand because the Court grants Young's motion to remand and remands the entire case. Romero makes an additional request for sanctions. But that sanctions request is predicated on interpleader arguments the Court already explained are flawed. Accordingly, the Court **FINDS AS MOOT** Romero's motion to remand and **DENIES** the motion for sanctions.[30]

### IV. Conclusion

The Court **GRANTS** Young's motion to remand. The Court **FINDS AS MOOT** Romero's request to remand and **DENIES** Romero's request for sanctions. This case is **REMANDED** to the 193rd District Court of Dallas County, Texas. Accordingly, the Court **DISMISSES** as moot Hartford's motions.

**IT IS SO ORDERED** this 23rd day of January, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[30] Romero also asked the Court for sanctions, but her interpleader-based argument that underlies that request is flawed.

9